CV11 - 4786

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 30 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    PLAINTIFF,

    v.

STERLING AND STERLING INC.,

    DEFENDANT.
------------------------------------------------------------X

CIVIL ACTION NO. BIANCO, J.
LINDSAY, M.J.

COMPLAINT AND
JURY DEMAND

SUMMONS ISSUED

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Charging Party Rochelle Legette. As charged with greater specificity below, Plaintiff Equal Employment Opportunity Commission alleges that on March 1, 2010 Defendant Sterling and Sterling, Inc. fired Ms. Legette in retaliation for engaging in activity protected by Title VII, including but not limited to filling out and sending the Commission's New York District Office an EEOC questionnaire When Ms. Legette returned to work, she was suspended after two weeks, and was fired two weeks after that, in retaliation for the EEOC questionnaire.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 704, 706(f)(1), and 706(f)(3) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a ("CRA 1991").

2. The unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "the Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Sterling and Sterling has continuously been a New York corporation doing business in the State of New York and the County of Nassau, and has continuously had at least 15 employees.

5. At all relevant times Defendant Sterling and Sterling has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Ms. Legette filed a charge with the Commission alleging violations of Title VII by Defendant Sterling and Sterling. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 2010, Defendant Sterling and Sterling has discriminated against Rochelle Legette in violation of Sections 704, 706(f)(1), and 706(f)(3) Title VII, 42 U.S.C. §2000e *et seq.*, by firing her in retaliation for engaging in protected activity, including but not limited to filling out and sending the Commission's New York District Office an EEOC questionnaire, as follows:

a. Defendant Sterling and Sterling is an insurance brokerage firm, located in Woodbury, Long Island.

b. Defendant Sterling and Sterling hired Ms. Legette as a sales representative/telemarketer in March 2007.

c. Between March 2007 and March 2009, Ms. Legette met quotas and received good employee reviews.

d. Between March 2007 and March 2009, Ms. Legette, who is African-American, was subjected to a racially discriminatory remarks about first-candidate and then- President Obama, about the ghetto, and about interracial couples. She complained to management about these remarks.

e. Between March 2007 and March 2009, Ms. Legette was subject to sexually explicit stories and sexually explicit jokes. Ms. Legette complained to management about the remarks.

f. Ms. Legette went on an extended leave related to pregnancy in March 2009, during which she had regular telephonic conversations with Defendant Sterling and Sterling about benefits and pay issues.

g. On September 9, 2010 Ms. Legette sent the EEOC's New York District Office an EEOC questionnaire, alleging that her pre-leave treatment violated Title VII.

h. Based on the EEOC questionnaire, on September 18, 2010 the EEOC sent Defendant Sterling and Sterling a notice of charge of discrimination.

i. Defendant Sterling and Sterling began documenting its telephonic interactions with Ms. Legette, describing her as "angry" and/or "aggressive."

j. After receiving the notice of charge of discrimination, Defendant Sterling and Sterling interviewed Ms. Legette's co-employees and managers.

k. Ms. Legette returned to work on February 1, 2010.

l. Defendant Sterling and Sterling immediately began keeping detailed notes on her behavior at work.

m. On Thursday, February 4, 2010, Defendant Sterling and Sterling reprimanded Ms. Legette for what it termed a workplace outburst.

n. On February 19, 2010, Defendant Sterling and Sterling suspended Ms. Legette. The suspension letter explicitly cited to the fact that she had made an EEOC filing.

o. On March 1, 2010, Defendant Sterling and Sterling fired Ms. Legette.

8. The effect of the practices complained of above has been to deprive Ms. Legette of equal employment opportunities and to otherwise adversely affect her status as an employee in retaliation for engaging in protected activity, including but not limited to filling out and sending an EEOC questionnaire and participating in EEOC processes.

9. The unlawful employment practices complained of above were and are intentional.

10. The unlawful employment practices complained of above were and are willful and done with malice or with reckless indifference to the federally protected rights of Ms. Legette.

## **PRAYER FOR RELIEF**

The Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Sterling and Sterling, its officers, successors, assigns and all persons in active concert or participation with it from

engaging in any employment practices that retaliate against those persons who engage in protected activity.

B. Order Defendant Sterling and Sterling to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, regardless of whether an employee engages in protected activity, and which eradicate the effects of Defendant Sterling and Sterling's past and present unlawful employment practices.

C. Order Defendant Sterling and Sterling to make whole Rochelle Legette by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant Sterling and Sterling's unlawful employment practices, including but not limited to reinstatement of Rochelle Legette or in the alternative, front pay.

D. Order Defendant Sterling and Sterling to make whole Rochelle Legette by providing compensation for past and future pecuniary losses in amounts to be determined at trial.

E. Order Defendant Sterling and Sterling to make whole Rochelle Legette by providing compensation for past and future non-pecuniary losses, including pain, suffering, and humiliation in amounts to be determined at trial.

F. Order Defendant Sterling and Sterling to pay Rochelle Legette punitive damages

for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the EEOC its costs in this action.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: New York, New York
September 30, 2011

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, D.C. 20507

Elizabeth Grossman (EG-2478)
Regional Attorney

Raechel Adams (RA-0460)
Acting Supervisory Trial Attorney

Michael J. O'Brien (MO-6409)
Senior Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Phone: (212) 336-3694
Fax:    (212) 336-3623
e-mail: michael.obrien@eeoc.gov